## WILLIAMS *vs.* KENT and wife.

An action against *husband and wife* for the debt of the wife *dum sola*, abates by the death of the wife after commencement of suit and before declaration.

The statute declaring the husband liable for the debts of his wife, contemplates a *new suit* against the husband after the death of the wife, in which he is answerable only for *assets*, unless he neglects to take out letters of administration.

The statutory provision that an action shall not abate by the death of one of several defendants, applies only to cases where the *cause of action survives*.

PLEA in abatement. The plaintiff declared in assumpsit for a debt of the wife *dum sola*, suggesting her death between the commencement of the suit and the filing of the declaration. The husband pleaded the death of the wife in abatement; to which plea the plaintiff demurred.

*J. A. Spencer,* for the plaintiff, insisted that the provision of the revised statutes, that an action shall not abate by the death of one of several *defendants* is decisive of this case, 2 *R. S.* 386, § 1. In respect to the death of one of several plaintiffs, the suit does not abate, *if the cause of action survives;* but there is no such qualification as to defendants, and the law upon this subject was purposely changed, as will be seen by referring to the previous statute, 1 *R. L.* 519, and the revisers' notes. Besides, the statute positively enacts that a husband shall be liable as administrator for the debts of his wife; and if he do not take out letters of administration on his estate, he shall be presumed to have *assets* in his hands sufficient to satisfy her debts, and shall be liable therefor, 2 *R. S.* 75, § 29. Besides, no case can be found in which it has been decided that the action abates by the death of the wife *pendente lite*. The rule is laid down to be otherwise in the elementary writers, but they are unsupported by decided cases.

*W. C. Noyes,* for the defendant, contended that, by the death of the wife, the suit abated; that the right to sue a husband for the debts of his wife, contracted *dum sola*, resulted only from the relation of the parties, and not from any

equities growing out of such relation. When the connection ceases, the obligation ceases, unless *during coverture* it is made the debt of the husband by a judgment against him. In support of this position, he cited *Reeves' Dom. Rel.* 67, 71; 2 *Kent's Comm.* 143, &c.; *Clancy's Rights of Women, p.* 13 ; *Comyn's Dig. Baron & Feme,*(2,c.); *Viner's Ab. Baron & Feme,* X. 15, *E. a.* 3, *and Supplement,* 501 *Baron & Feme, G. A.*; *Roper on Property,* 74; 1 *Sch. & Lef.* 263; 3 *Mod.* 186; 1 *Esp. N. P. R.* 122; 1 *Dane's Abr.* 353; 1 *Black. Com. (by Chitty)* 443, *n.* 44 ; *Chitty on Contracts,* 38 ; *Chitty's Pl.* 47. As to the provision of the revised statutes in reference to the surviving of actions, the legislature did not intend to change the law ; they could not have had a case like the present in view, as is manifest from the other provision referred to by the plaintiff's counsel, declaring the husband liable for the *assets* of his wife, in which the legislature manifestly contemplated that the husband should be sued as the *administrator* of his wife. The correct course has been adopted by the defendant ; by his plea the present suit abates, and he is relieved from individual responsibility, and becomes liable to a *new action,* whether he takes out administration or not.

*By the Court,* NELSON, J. The question presented is, whether the defendant is liable for the debts of his wife, in a case where a suit had been commenced against husband and wife before the death of his wife, but had not been prosecuted to judgment previous to her decease. It is a question too plain for argument. The authorities are abundant and full to show that the suit abates if the wife dies before judgment. 1 *Chitty's Pl.* 44. 1 *Black. Com. last Lond. ed.* 443, *n.* 5. 2 *Kent's Com.* 145. 1 *Bacon's Abr. tit. Baron & Feme,* 485. *Reeves' Dom. Rel.* 71, 72. 1 *Selwyn's N.P.R.* 202, 3. 3 *P. Wms.* 409.

By the 2 *R. S.* 75, § 29, the husband, if otherwise competent according to law, shall be solely entitled to administration on the estate of his wife, but shall be liable as such administrator for the debts of his wife to the extent of the *assets* received by him ; and if he shall neglect to take out let-

ters, he shall be presumed to have assets in his hands suffi-cient to satisfy her debts, and shall be liable therefor. The *assets* here mentioned refer to *choses in action* of the wife that were not reduced to the possession of the husband during cov-erture. 2 *Kent's Comm.* 145. The plaintiff cannot avail him-self, upon this record, of this provision of the statute for the purpose of *continuing* the suit. A recovery here would make the defendant personally liable, without regard to assets; the statute does not authorize this, except in case of neglect to take out letters of administration; then sufficient assets will be presumed. The question as to assets can arise when a new suit is brought against the defendant solely, and not be-fore. After the death of the wife, the husband is not liable as such, and it is upon this ground alone that he is sought to be charged by the declaration in this case.

Nor does the 1 §, 2 *R. S.* 386, apply to this case. That section must be construed as applicable only where the *cause of action survives* against the surviving defendant. This was so by express terms in the old statute, 1 *R. L.* 519, § 9, and in 8 & 9 *W.* 3, *ch.* 11, § 7; 2 *Tidd*, 849. Surely the legis-lature did not intend to continue the suit against a surviv-ing defendant, not legally liable individually in the case, and where the cause of action had ceased to exist.

Judgment for defendant.