1842.

Sprague
v.
Jones.

---

## SPRAGUE *vs.* JONES & GRAHAM.

Where upon the final hearing of a cause, upon a bill of foreclosure, the complainant's counsel omitted to ask for a decree over against one of the defendants who was personally liable for the deficiency, and the decree was enrolled before the mistake was discovered; *Held*, that the enrolment could not be amended so as to make the decree, as enrolled, a personal decree against such defendant for such deficiency. *Held further*, that the court, without a formal rehearing of the cause, might make a supplemental order or decree, founded upon the decree as enrolled, to supply the omission in the original decree, in a case where the decree over against such defendant was a matter of course.

January 27.

THIS was an appeal by the defendant J. L. Graham from an order of the vice chancellor of the eighth circuit amending the decree in this cause, after enrolment, so as to make it a personal decree against the appellant. The bill was filed to foreclose a mortgage given by the defendant Jones, solely, but the mortgage debt was secured by the joint and several bond of both the defendants. The bill con-

1842.

Sprague
v.
Jones.

tained the usual prayer pescribed in the short form for bills of foreclosure, as settled by the chancellor under the provisions of the act of the 14th of May, 1840, to reduce the expense of foreclosing mortgages in the court of chancery. The decree as drawn up and enrolled contained the ordinary decree of foreclosure and sale, and for the payment of the complainant's debt and costs out of the proceeds of the sale, and a personal decree over against the mortgagor for the deficiency, if there should be any.

*L. H. Sandford,* for the appellants.

*S. Mathews,* for the respondent.

THE CHANCELLOR. Two objections are made to the order appealed from in this case : *First,* that this is not a case in which a decree could be altered in so material a a part without a rehearing ; and, *Secondly,* that if the supposed defect in the decree could be supplied, the form of the relief given by the vice chancellor was improper. It does not appear by the papers that this was a mere clerical error ; as it is not shown that the complainant asked at the hearing for a personal decree against the appellant, as a party to the bond, or that any such decree was granted by the court previous to the drawing up of the decree which was in fact entered. I have hesitated, therefore, whether it could be proper, without a rehearing, to amend the decree in a matter of substance so material to the rights of the appellant. And upon an examination of the cases I am satisfied such an amendment would not have been permitted in the courts of chancery in England, and in Ireland, without discharging the enrolment and granting a formal rehearing of the cause. This court, however, has not been so strict in relation to the amendment of a decree, in a matter as to which there could not have been a doubt of the complainant's right to have it made a part of the decree if it had been asked for, and where the neglect to ask the court to have it inserted in the decree, as a part thereof,

arose from mere inadvertence. (*Clark* v. *Hall*, 7 *Paige's Rep.* 382.)

The right to a decree over against a defendant who has guarantied the payment of the mortgage debt is given by the statute. (2 *R. S.* 191, § 155.) And it is settled in this court that the decree for the payment of the deficiency may be made in anticipation, as a part of the decree of foreclosure and sale, without waiting until such deficiency is actually ascertained. (*McCarty* v. *Graham*, 8 *Paige's Rep.* 480.) It would therefore have been a matter of course to have made the decree over against the appellant, in this case, as a part of the original decree upon this bill, if it had been asked for at the time the decree was granted. And if the vice chancellor directed the usual decree in such cases to be entered, without stating what the particulars of such decree should be, the complainant's solicitor might have inserted this provision as a part of the decree to be entered by the clerk pursuant to such direction of the court. I conclude, therefore, that this was an amendment of the decree, or rather an addition to the decree as drawn up and entered, which might be made by the court without a formal rehearing of the cause.

The vice chancellor was wrong, however, in supposing it was proper to give the amendment asked for a retrospective operation, or to insert the amendment in the enrolled decree. For such a mutilation of the records of the court was not necessary for the purposes of justice, and was contrary to the settled practice in such cases. In the case of *Clark* v. *Hall*, before referred to, this court decided that where the amendment asked for was a further consequential direction, founded upon the decree already made, the proper course was to supply the omission by a separate and distinct order ; without altering the decree which had been entered. And such is stated by Daniel to be the English practice. (*See* 2 *Daniel's Ch. Prac.* 688.) The order directing the enrolled decree to be amended by inserting therein the name of the appellant, and that the decree should have the like effect as if the said name had been originally inserted therein, was therefore erroneous, and

must be reversed, and all proceedings founded on such amendment must be vacated and annulled. And instead thereof, an additional order or decree must be entered, as a consequential direction upon what is contained in the decree as enrolled, rendering the defendant Graham personally liable for the deficiency, if there should appear to be one, upon the coming in and confirmation of the master's report ; and authorizing an execution to be taken out against him for such deficiency, in case it should not be collected of Jones the mortgagor upon the execution that is to be issued against him therefor by the original decree as enrolled. And this supplemental order, after the expiration of the thirty days allowed by the statute, should be engrossed upon the enrolment of the original decree, and signed by the vice chancellor and clerk, as an additional enrolment. (*See the case of Clapper* v. *House*, 6 *Paige's Rep.* 157.)

The proceedings are to be remitted to the vice chancellor, so that this additional decree may be added to the enrolment which remains before him. And neither party is to have costs as against the other on this appeal.