doubt that the bills which were presented at the agency were not in fact redeemed within the twenty days ; and what is most probable that many parcels were presented for payment and refused, and were not redeemed either there or elsewhere within twenty days after they were thus presented at the agency. But I am obliged to refuse this application, upon the construction of the statute that it must be satisfactorily shown that the bills were at the agency for redemption at the end of the twenty days, or were presented there for payment afterwards, so as to enable the defendant to redeem them at that place ; though I do not in fact believe the bills in this case would have been redeemed if they had been thus presented the second time at the agency.

The order to show cause must be discharged and the petition dismissed, and the temporary injunction is of course dissolved ; but without prejudice to the right of the petitioners to renew their application, if they shall think proper to do so, upon a new state of facts.

---

Hosack & Blunt, executors, &c. *vs.* Rogers and others.

Where a trustee is entitled to costs and there is a fund under the control of the court, he may be allowed his costs as between solicitor and client to be paid out of such fund.

But as the allowance of such costs to a trustee rests in the discretion of the court, a master in taking an account in anticipation of a decree, and before the question of costs has been disposed of by the court, is not authorized to credit the trustee with costs as between solicitor and client unless directed to do so in the order of reference.

Where an executor unsuccessfully resists an application to the surrogate to compel him to give security and to account, if the surrogate does not allow him the costs of opposing such application, he cannot be allowed his costs against the estate of his testator.

An executor, under the old doctrine of retainer for a debt due to himself, cannot make a rest on the day he took out letters testamentary, so as to entitle him to interest upon the interest which was then due to him. But if such executor is prevented from receiving his interest by reason of an injunction, which was improperly obtained, he will be allowed interest upon the interest due at the time of the service of the injunction, and which such injunction prevented him from receiving.

1842.

Hosack
v.
Rogers.

An executor should be allowed, as against the estate, his costs and expenses incurred in suits brought or defended by him, in good faith, for the benefit of the estate and not merely to enforce or defend his own rights.

An executor cannot make periodical rests in his accounts, in order to entitle himself to full commissions at such rests, where annual rests are not directed to be made for the purpose of compelling him to pay interest upon periodical balances which ought to have been invested by him.

Where an executor or trustee, who has a claim against the estate and is entitled to a preference in payment, receives and applies monies to a large amount in part payment of the debt due to himself, it is proper for him to deduct his commissions on the amount so applied, in order to entitle him to interest, upon the balance of the principal of his debt which remains after deducting the commissions, from the time of the partial payment; but where this is done, the subsequent allowance of commissions must be computed in such a manner that the aggregate amount of the whole commissions shall not exceed the statute allowance upon his whole receipts and disbursements.

As a general rule, an executor or trustee, during the pendency of a suit for an account and distribution of the fund in his hands over and above his just claims thereon, should ask for leave to pay such fund into court, or for authority to invest it under the direction and sanction of the court; and if he invests it without the sanction of the court, on insufficient security, he will be charged with the amount thus invested, as a misapplication of so much of the fund.

March 15.    THIS case came before the chancellor upon exceptions by both parties, that is of the complainants and of Nehemiah Rogers, one of the defendants, to the report of the master made in this cause under the decretal order of the 22d of April, 1840. The facts upon which the questions of law arose are stated in the opinion of the court.

*J. Blunt,* for the complainants.

*A. G. Rogers,* for N. Rogers.

THE CHANCELLOR. The first exception on the part of the complainant relates to the allowance of different items of counsel fees paid by N. Rogers to his counsel, for various services in this cause, amounting in the whole to $3350. Most of these charges would be properly allowed to the executor upon a final decree directing him to be allowed his costs as between solicitor and client. But as the ques-

1842.

Hosack
v.
Rogers.

tion whether the executor is or is not to have his costs in this cause, and whether he is to have the mere taxable costs, as between party and party, or his necessary disbursements as between solicitor and client, had not been disposed of by the court, the master was not authorized to make the allowances embraced in this exception in anticipation of the judgment of the court. Where a trustee is entitled to costs, and there is a fund under the control of the court, he may be allowed his costs as between solicitor and client out of such fund. (*Mohun* v. *Mohun*, 1 *Swans.* 203. *Edenborough* v. *The Archbishop of Canterbury*, 2 *Russ. Rep.* 112.) But as this is a matter resting in the discretion of the court, the master, in taking an account in anticipation of a decree, and before the question of costs has been disposed of by the court, is not authorized to credit the trustee with fees paid to his counsel in that particular suit, unless he is directed to do so in the order of reference. This exception to the master's report must therefore be allowed ; but without prejudice to the right of the defendant Nehemiah Rogers, upon the hearing of the cause upon the equity reserved, to claim his reasonable counsel fees, upon motions and proceedings in the cause in which he has succeeded or shall succeed, as a part of his costs as between solicitor and client ; if he obtains a decree for costs to be paid out of the fund in his hands as executor of A. Gracie, deceased.

The 2d exception of the complainants, to the report, is for the allowance to the executor of $790,76, for his costs in the court for the correction of errors upon the appeal. The court upon that appeal having directed the costs of Nehemiah Rogers to be paid out of the fund in his hands as executor, it was a matter of course to allow them on this accounting before the master. This exception must therefore be overruled.

The 3d exception of the complainants is for the allowance of three items, amounting to $204,75, for the costs and counsel fees in resisting a successful application to the surrogate to compel the executor to give security ; and two items, amounting to $119,75, for resisting an application,

by King, to the surrogate, to compel the executor to account, which application was granted, and was affirmed with costs by this court on appeal. (*See* 8 *Paige's Rep.* 210.) In the first case the allowance of costs to the executor was in the discretion of the surrogate. He not having allowed costs for resisting the successful application, the executor was not entitled to charge them against the estate. And this court, as well as the surrogate, having decided that the executor was wrong in his objections to the jurisdiction of the surrogate to call him to an account, and he having been personally charged with the costs of the appeal upon that ground, the master was wrong in charging the estate with the costs of that unsuccessful resistance of a legal right; especially in a case where charging the costs upon the fund must necessarily throw them exclusively upon the other creditors.

The 4th exception embraces several objections to the allowance of interest. The objection that the master allowed interest upon the balance due on the 2d of November, 1824, when a dividend was received from the assignees, is not well taken. It was proper to apply the dividend received at that time to the extinguishment of the interest, and to charge interest from that time on the whole amount of the principal debt remaining unpaid, according to the ordinary mode of computing interest where partial payments are made. But the objection is well taken that the executor had no right to make a rest on the 27th April, 1829, when he took out letters testamentary; for the purpose of charging interest on the ten thousand dollars of interest which had then accrued. It is true, as the law then stood, other creditors might have brought suits and obtained judgments to be paid out of the future assets, so as to draw interest on interest from the date of such judgments, which the executor could not do. But the law had given him more than an equivalent for this incapacity to sue himself, by making his debt payable in preference to other debts of the same class. I cannot, therefore, adopt a new principle in the computation of interest, in this case, for the

purpose of giving him a still greater portion of the fund of this insolvent estate than the inequitable rule of the old law entitles him to. That part of the exception must therefore be allowed, and the interest must be computed without making a rest in April, 1829.

The last branch of this exception relates to the allowance of interest on the interest which would have been received by the executor, in part payment of his debt, had not the complainants, by the injunction, prevented his receiving it. In *Pultney* v. *Warren*, (6 *Ves.* 92,) Lord Eldon says, if there be a principle upon which courts of justice ought to act without scruple, it is this ; to relieve parties against injustice which is occasioned by its own acts, or oversights, at the instance of the party against whom the relief is sought. And I rather think in every instance of an application for an injunction, it is the duty of the court to consider whether the party ought not to have the benefit of his judgment ; and if the court decides wrong, I should be sorry if the court had not the means of reinstating him. So also in the case of *O'Donell* v. *Browne*, (1 *Ball & Beat.* 262,) Lord Manners allowed interest on a demand which would not ordinarily carry interest, because the party entitled to receive the debt had been delayed in receiving it, by an injunction. (*See also Grant* v. *Grant*, 3 *Russ. Rep.* 598 ; *Duvall* v. *Terry*, *Show. P. Cases*, 15.) The principle of these cases appears to be just and equitable ; and in accordance with that principle the executor is entitled to the interest which he lost by the improper tying up of his funds, by the injunction, when he was entitled to receive them in satisfaction of the interest and a part of the principal then due. The first and the last branches of this exception must therefore be overruled so far as to allow interest on the balance due in November, 1824, and the interest on the interest which the executor lost in consequence of the injunction and other erroneous proceedings of the complainants.

The 5th exception of the complainants is for not charging the executor with the monies received by Samuel Ro-

gers on account of the ship America and the monies re-
ceived by him under the Spanish treaty. This claim I did
not deem the testimony sufficient to support, when the case
was before me on a former occasion ; but the complainants
were permitted to introduce further proofs, before the mas-
ter, if they had any, to sustain it.   I do not find, however,
that any proof has been introduced which varies the case.
It is evident that Gracie intended to assign these demands
to S. Rogers, for his own individual benefit ; and his copart-
ners had no right to the proceeds thereof, to be applied in
satisfaction of the debt due from Gracie to them.   Nor do I
see any way in which, upon the facts in the case, the executor
of Gracie could recover such proceeds of him.  If the assign-
ment by A. Gracie to Samuel Rogers was a fraud upon the
complainants, and other creditors, their remedy, if any, ap-
pears to be by a direct suit against Samuel Rogers, as a
fraudulent assignee, to reach the money in his hands.   This
exception is therefore disallowed.

The 1st exception of the executor is for the disallowance
of $50 paid to chancellor Kent, and $100 to A. C. Paige
as counsel fees in this suit.   These charges depend on the
same principles as those which are embraced in the com-
plainants' first exception, and must be disposed of in the
same manner.   So much of the exception as relates to
those two items must, therefore, be dissallowed.   But
as the charges themselves appear to be reasonable and
proper as between the party and his counsel, the disallow-
ance at this time must be without prejudice to the right of
the executor to claim them hereafter, if he should upon
the final hearing obtain a decree for costs to be paid out
of the fund as between solicitor and client.

The other item embraced in this exception is for a re-
taining fee paid to counsel in a suit brought by the execu-
tor against the representatives of the deceased executrix, to
recover monies alleged to be due from her to the estate of
her deceased husband, at the time she died.   If this suit was
brought in good faith, and I see nothing in the case to in-
duce me to suppose it was not, it was for the benefit of the

other creditors of A. Gracie, who are interested in the fund after the payment of the preferred debt of Nehemiah Rogers which he was entitled to retain. Upon the general principle, therefore, that the executor is entitled to all costs and just allowances in suits brought or defended by him for the benefit of the fund, and not merely to enforce or defend his own rights, I do not see on what principle the master rejected this charge for the counsel fee in that suit ; which E. N. Rogers swears was actually paid. That part of the executor's first exception must therefore be allowed.

The 2d exception relates to a deduction from the amount of counsel fees allowed by the master in this cause. For the reasons stated in reference to the complainants' first exception, this exception of the executor must be disallowed, but without prejudice to his future claims, as there directed, if the taxing officer upon the evidence which was before the master shall think the whole amount charged was reasonable and proper.

The 3d exception is for not allowing the executor commissions upon the periodical rests in the accounts, so as to give him full commissions at such rests. This exception must be disallowed, as the master could not properly have allowed full commissions each time the balance in the account was struck ; it not being a case coming within the decisions of the court in those cases where the trustee is required to make periodical statements of his account, or where annual rests are made for the purpose of compelling him to pay interest upon periodical balances which ought to have been invested by him. The master has, however, made a mistake in favor of the executor, in the computation of commissions, by allowing him two and a half per cent on $5000 instead of $4000. The provision in the statute is that for receiving and paying out, the executor is to receive on all sums not exceeding $1000, five per cent ; for sums exceeding one thousand and not amounting to five thousand, two and a half per cent ; and for all sums *above* $5000, one per cent : that is, five per cent on the first thousand—two and a half per cent on the next $4000, and one

per cent on all sums above that. (*See ex parte Roberts*, 3 *John. Ch. Rep.* 44, *and revisers note to* 2 *R. S.* 93, § 58.)

The 4th exception is for not deducting the commissions on the 15th of April, 1837, when the executor received and applied a part of the French fund towards his debt against the estate, under the order of the court. I believe the practice generally has been to compute and deduct the commissions at the time of settlement of the account, except in those cases where periodical settlements or rests are directed to be made. And as the order of this court referred to in this exception was appealed from, so that the executor did not receive the whole amount of his debt, under that order, until after the decision of the court for the correction of errors, there appears to be nothing to take the case out of the general rule previous to that time. I see nothing, however, in the manner in which the master has stated the account which is objectionable in principle. For where an executor or trustee who has a large claim against the estate and is entitled to a preference, receives and applies monies in part payment of principal and interest, if the amount so paid is large it appears to be equitable that his commissions on the amount so applied should be first deducted ; so as to give him the interest on the balance of the principal of his debt from that time, after deducting the commission on such partial payment. But where that is done, the subsequent commissions should be computed in such a manner that the aggregate amount of the whole commissions allowed will not exceed the statute allowance upon all his receipts and disbursements. This exception to the report is overruled.

The 5th and 6th exceptions relate to the $10,000 of the fund in the hands of the executor which he has loaned to his son, pendente lite, on insufficient security and without the sanction of the court. As a general rule, an executor or other trustee during the pendency of a suit for an account, and a distribution of the fund in his hands, over and above his own just claims thereon, should either ask for leave to pay the balance into court, to abide the event of the suit, or

to invest it under the direction and sanction of the court. And if the court for the correction of errors had not adopted an anomalous principle in this case, that part of the fund would have remained in court and been invested under its direction. The whole difficulty arises out of that decision ; which I suppose has been virtually overruled by the same court on a subsequent appeal, from an order afterwards made in this cause, decided in December last. The ancient rule of this court may therefore be considered as restored as to future cases. The only question then is what was the effect of the first decision of that court upon the question arising on this exception. The substance of the last decision is that I ought to have directed the executor to bring the money into court ; although the first decree of that high tribunal had decided that he was entitled to retain it, pendente lite, unless this court, upon a new state of facts, should consider it unsafe in his hands, and in consequence thereof should give further directions as to the custody of the fund *not inconsistent with the principles of that decree.* Upon examining the first decree of the court of errors, however, I do not find any express authority given to the executor to use, or even to invest that part of the fund which did not belong to himself, without the previous sanction of this court. He, therefore, must be taken to have made the investment in a loan to a member of his family, on his own account, or at his own individual risk, when he made it without the sanction of the court. The master was therefore right in charging him with the amount of that loan, upon insufficient security and without authority, as a misapplication of so much of the fund which he had succeeded in getting back into his hands under the decree of the court of dernier resort. The fifth and sixth exceptions of the executor must therefore be overruled.

The case must be referred back to the master to restate the account upon the principles of this decision. And no costs are to be allowed to either party on these exceptions as against the other ; nor is the executor to be allowed his costs on the exceptions as against the fund belonging

to the other creditors of A. Gracie. But the costs of the complainants on the exceptions, as against that part of the fund in the hands of the executor which belongs to them in common with the other creditors, except N. Rogers, are to abide the further order of the court; and must be disposed of upon the final hearing upon the equity reserved, on the coming in of the master's amended report.