## Banta *vs.* Marcellus and others.

When a suit in equity abates by the death of a sole plaintiff, before decree, the only remedy of the defendant is under the statute, (2 *R. S.* 185, §§ 118, 119,) by petition to the court, for an order requiring the personal representatives of the deceased to show cause why the suit should not stand revived in their names, or the bill be dismissed, so far as the interests of such representatives are concerned.

Upon such a petition, the court is authorized, if no sufficient cause be shown to the contrary, to order the revival of the suit in the names of the personal representatives of the decedent, or the dismissal of the bill with costs, or otherwise.

And where the personal representatives of the deceased party express no desire to prosecute the suit further, but concede that a further prosecution of it, by them, would not benefit the estate of their testator, the court will direct the bill to be dismissed, so far as their interests are concerned, with costs to be paid out of the estate.

*Prima facie*, defendants are entitled to costs on the dismissal of a bill filed against them. It is for the plaintiff to bring himself within some of the exceptions to the general rule, if he wishes to escape the usual penalty.

Personal representatives of a deceased plaintiff are not bound to continue the prosecution of a suit commenced by the decedent against an insolvent defendant ; espe-

Banta *v.* Marcellus.

cially when, for other reasons, the object of the suit cannot be obtained, by reason of facts which occurred, or came to the plaintiff's knowledge, after the commencement of the suit.

In such cases they may discontinue, as to the insolvent defendant, without costs.

Costs are never given, on a motion being granted by *default*, unless asked for in the notice of motion, or order to show cause.

But if the parties appear, and litigate the motion, upon the merits, costs are in the discretion of the court; whether asked for in the notice of motion, or order to show cause, or not.

IN EQUITY. An order was made, at the special term of this court held in Schenectady, in November, 1847, requiring Jacob Banta, Isaac Marcellus and Henry Banta, executors of the last will and testament of John H. Banta deceased, the plaintiff, to show cause before this court at the December general term in Saratoga county for 1847, why this suit should not stand revived in their names, or the bill in this cause be dismissed so far as the interests of such executors are concerned. From the papers used on the motion, it appeared that the original bill was a creditor's bill, filed in 1837, against John Hagaman, the judgment debtor, and the other defendants as his assignees in trust, to set aside the trust conveyance and for the payment of the plaintiff's judgment. The judgment debtor suffered the bill to be taken as confessed, and is now insolvent. The other defendants put in an answer in 1840, to which no replication was ever filed. Neither party moved in the cause. And in 1845 the plaintiff died; having first duly made his last will and testament, and therein appointed the said Jacob Banta, Isaac Marcellus and Henry Banta his executors; who have since proved the will and taken upon themselves the execution thereof. It appeared that before the motion was made for an order to show cause, the defendants applied to the said executors to revive the suit or to discontinue it, and they declined having any thing to do with it, one way or the other. The executors, in showing cause against the order, stated that if the deed should be set aside which it was the object of the bill to accomplish, they had ascertained no benefit would accrue to them, as executors, or to the heirs of their testator ; and that they should gain nothing by the revival and further prosecution

of the suit. They asked merely to be excused from the payment of costs.

*D. Wright*, for the executors of the plaintiff, cited 11 *Cond. Ch. Rep.* 143 ; 1 *Id.* 501. He insisted that as costs were not asked in the notice of motion, or mentioned in the order to show cause, none should be allowed.

*D. P. Corey*, contra, cited 1 *Barb. Ch. Pr.* 226 ; 2 *Paige*, 372 ; 2 *R. S.* 613, 185, §§ 118, 119. He insisted that as the executors did not desire to prosecute the suit further, it should be dismissed with costs. The statute directs that if no cause be shown, the suit shall be revived, or the bill be dismissed *with costs*, or otherwise. And the order to show cause follows the words of the statute.

*By the Court*, WILLARD, J. As this cause abated by the death of a sole plaintiff, before decree, the defendants could not revive the suit by bill of revivor. (9 *Paige*, 393. 2 *Barb. Ch. Pr.* 41.) Their only remedy is under the statute, (2 *R. S.* 185, §§ 118, 119,) by petition to the court, for an order on the personal representatives of the deceased to show cause on a certain day to be named in the order, why the suit should not stand revived in their names, or the bill be dismissed, so far as the interests of such representatives are concerned. By the 119th section, the court is authorized, if no sufficient cause be shown to the contrary, to order the revival of the suit in their names, or the dismissal of the bill, with costs, or otherwise. In the present case, the personal representatives of the plaintiff show no reason why the suit should not be revived or dismissed ; nor why it should stand revived merely, and not be dismissed. They express no desire to prosecute it further ; and indeed, concede that a further prosecution of it, by them, would not benefit the estate of their testator. Of course there is no reason why the other alternative asked by the defendants, should not be granted, and the bill be dismissed as far as the interests of the plaintiff's personal representatives are concerned.

Banta *v.* Marcellus.

The statute has regulated the question of costs in analogous cases. Thus, it is enacted, (2 *R. S.* 613, § 1,) that upon the plaintiff in a court of equity dismissing his own bill or petition, or upon the same being dismissed for want of prosecution, the plaintiff shall pay to the defendant his costs to be taxed; except in those cases where, according to the practice of the court, costs would not be awarded against such complainant upon a decree rendered on hearing of the cause. *Prima facie,* the defendants are entitled to costs on the dismissal of a bill. It is for the plaintiffs to bring themselves within some of the exceptions to the general rule, if they wish to escape the usual penalty. They have not done so in the present case. The judgment debtor, John Hagaman, having suffered the bill to be taken as confessed against him, and being insolvent, is not entitled to costs. The personal representatives of the plaintiff would not be bound to continue the prosecution of the suit against an insolvent, and especially where, for other reasons, the object of the suit could not be obtained by reason of facts which occurred, or came to the plaintiff's knowledge, after the commencement of the suit. The practice of this court and the court of chancery was, in such cases, when the suit was commenced by executors or administrators, to allow them to discontinue without costs. (*Arnoux* v. *Steinbrenner*, 1 *Paige*, 82. *Purdy* v. *Purdy*, 5 *Cowen*, 14. *Phenix* v. *Hill*, 3 *John.* 247. *Morse* v. *McCoy*, 4 *Cowen*, 551.) It is desirable that the practice both at law and in equity should be the same. By adopting this course the practice on both sides of the court is made to harmonize. If the judgment debtor were entitled to costs, we should direct them to be offset against the judgment. But we think that as to him the bill should be dismissed without costs.

The other defendants are clearly entitled to costs, to be paid out of the assets of the plaintiff John H. Banta deceased, in the hands of his executors. The executors have done no act to make themselves *personally* liable out of their own estate.

It has been insisted that costs of this application should not be allowed, because they are not asked for in the petition, nor in the order to shew cause. Costs are never given on a motion

being taken by *default,* unless asked for in the notice or order
to shew cause. (*Mann* v. *King,* 18 *Ves.* 297.) But if the par-
ties appear and litigate the motion upon the merits, costs are
in the discretion of the court, whether asked for in the notice
of motion, or order to show cause, or not. In the present case,
the costs of the application are a part of the costs in the cause,
and the defendants in whose favor they are awarded are enti-
tled to them from the estate of the testator.

The order therefore will be that the bill be dismissed so far
as the interests of the executors of John H. Banta are concerned,
with costs to all the defendants except John Hagaman, to be
paid by the executors out of the assets of the said John H.
Banta, which are now, or may hereafter be, in their hands to
be administered, in the due course of administration.

Order accordingly.

