CHARLES F. LIVERMORE et al., Appellants, *v.* RICHARD BAINBRIDGE, Respondent.

Under section 121 of the Code an action does not abate, although the sole plaintiff or defendant die, and there be no verdict or judgment, provided the cause of action survive in favor of or against the representatives of the deceased party. This section, however, was not intended to change the former practice, which confined the right of continuing the action to the complainant or his representatives, unless the defendant had acquired some rights in the litigation; where a counter-claim has been interposed and issue joined thereon and referred to a referee for trial, the defendant has acquired such an interest in prosecuting the action as entitles him or his representatives to have it continued, and this relief can be obtained upon motion in the action.

(Argued February 20, 1872; decided April 2, 1872.)

APPEAL from order of the General Term of the Supreme Court in the first judicial district, affirming an order of

Special Term directing that the action be revived and continued against the executors of the defendant. (Reported below, 42 How. Pr. R., 53.)

The action was brought to recover an alleged balance of account arising on the purchase and sale of stock. Defendant's answer set up a counter-claim and asked affirmative relief; issue was joined thereon and the action was referred to a referee for trial. Pending the trial of the action, defendant died.

*Edmond Randolph Robinson* for the appellants. In actions at law, prior to the Code, the death of a sole plaintiff or defendant abated, and it could not be continued by or against the representatives. (Burrill's Practice, vol. 1, p. 284; 2 Revised Statutes, 386–388; *Hopkins* v. *Adams*, 5 Abb. Pr. R., 352; *Keene* v. *Lafarge*, 1 Bosw., 671.) In equity, upon death of a sole complainant, on application of defendant, the court might order the suit revived or bill dismissed. (2 Revised Statutes, p. 184; §§ 107–119 Edmond's ed., vol. 2, pp. 191, 192.) But the court had no power to continue on application of the representatives of a sole defendant deceased. (*Souillard* v. *Dias*, 9 Paige, 393.) Section 121 of the Code, the court has no such power. (*Keene* v. *Lafarge*, 1 Bosw., 671.) A statute is to be so construed as to give sense and meaning to every part. (Smith on the Construction of Statutes, § 527; *Ward* v. *Whitney*, 8 N. Y., 446; *Westcott* v. *Thompson*, 18 id., 366.) Plaintiff may always discontinue, save where a cause of action, set up on a counter-claim, would be barred by the statute of limitations. (*S. & R. R. R. Co.* v. *Ward*, 18 Barb., 595; *Rees* v. *Van Patten*, 13 How., 258; *Cooke* v. *Beach*, 25 id., 356.)

*Robert Sewell* for the respondent. Defendant is entitled to the order continuing the action. (*Ridgway* v. *Buckley*, 7 How., 269.) The right of plaintiff to discontinue, exists only where defendant has not interposed a counter-claim. (*S. & R. R. R. Co.* v. *Ward*, 18 Barb., 595; *Rees* v. *Van Patten*, 13 How., 258.) Plaintiff could not take a rule to

discontinue against a deceased defendant. (*Jarvis* v. *Felch,* 14 Abb., 46; *Reed* v. *Butler,* 11 id., 128.) Defendant's position under the counter-claim was that of plaintiff, with all its privileges. (*Gleason* v. *Niven,* 2 Duer, 643.) If the cause of action survived, the action did not abate. (Code, § 121; *Potter* v. *Van Vranken,* 36 N. Y., 619.)

RAPALLO, J. Under the Revised Statutes an action at law abated on the death of a sole plaintiff or defendant before interlocutory or other judgment or verdict, and no proceedings could be had to revive it. (2 R. S., 386, 388; *Keene* v. *La Farge,* 1 Bosw., 671.) By 2 R. S., 576, § 2, a writ of *scire facias* might issue to continue a suit by or against the representatives of either party who should have died in the progress thereof. But this provision was held to apply only where, under the existing law, the right to continue the action was recognized, and not to extend that right. (*Webber's Executors* v. *Underhill,* 19 Wend., 447.)

In equity a suit abated by the death of a sole complainant or defendant. The complainant or his representatives could revive, but no such right existed on the part of the defendant. If the sole defendant died, his representatives could not revive the suit unless the deceased defendant had acquired some right under a decretal order therein. (*Lorillard* v. *Dias,* 9 Paige, 393.) If a complainant died, the only remedy of the defendant, under the statute, was to compel a revivor or dismissal of the bill by application under sections 118, 119 of 2 R. S., 185. (*Banta* v. *Marcellus,* 2 Barb., 373.) This was in conformity with the practice in England. (*Adamson* v. *Hull,* 1 Sim. & Stu., 249 ; 1 Turner & Russ, 258.)

The death of one or more of the complainants would not abate the suit, if the cause of action survived (2 R. S., 185, § 107); and the rule was the same in actions at law. (2 R. S., 386, § 1.) The meaning of the cause of action surviving, as employed in those statutes, was not that it should survive in favor of or against the representatives of the party dying, but in favor of or against the surviving parties to the action, as in

the case of joint contractors, executors, joint tenants, etc. (*Williams* v. *Kent*, 15 Wend., 360, 362; 1 Hoffm. Ch. Prac., 368, 373.) The action might, in such cases, proceed between the survivors without any revivor.

Section 121 of the Code declares that no action shall abate by the death, marriage or other disability of a party, if the cause of action survive or continue. If this were the whole of the section, it would be in substance but a re-enactment of section 107, page 105, 2 R. S., and would only apply where the cause of action survived in favor of a co-plaintiff as against a co-defendant. But section 121 also provides for the transfer of the interest of a party, and for a continuation of the suit by or against the representative or successor in interest of the party dying or transferring, and, therefore, must be deemed to refer to the cause of action surviving or continuing in favor of or against such representative or successor in interest. The term "party" is also broad enough to cover a sole plaintiff or defendant, or all the plaintiffs or defendants. If this be its true construction, then the effect of section 121 is to change the former rule and enact that the action shall not abate though the sole plaintiff or defendant be dead, and no judgment or verdict has been rendered, provided the cause of action survive in favor of or against the representatives of the deceased party. Such seems to be the construction adopted by this court in *Potter* v. *Van Vranken* (36 N. Y., 624).

But though the action be not abated, it is not clear that section 121 authorizes a motion by the representatives of a deceased defendant that the action be continued. The language of the section is, that the court may, on motion within one year, or afterward on supplemental complaint, allow the action to be continued. This seems to assume that the plaintiff or his representative is the moving party referred to. (*Keene* v. *La Farge*, 1 Bosw., 671.) This construction is confirmed by the succeeding provision of the same section, that at any time after the death, etc., of the party *plaintiff*, the court, "upon application of any person aggrieved may, in its discretion, order that the action be deemed abated, unless the

same be continued *by the proper parties.*"  · This provision is, apparently, a substitute for section 118 of 2 R. S., 185, relating to suits in chancery, which provided that if there be no surviving complainant, or if he neglected to bring in the representatives of a deceased co-complainant, the court might, on the petition of the original defendant, order the representatives of the deceased complainant to show cause why the suit should not stand revived or the bill be dismissed as to them. No other proceeding, on the part of the defendant, in the nature of a revivor, as against a complainant or his representatives, was authorized by the Revised Statutes.  (9 Paige, 463 ; 2 Barb., 373.)  Under the provision cited of section 121 of the Code, the defendant can, no doubt, take this proceeding to bring the litigation to a close upon the plaintiff's death.  But, as the only alternative in case the suit is not continued by the proper parties is, that it be deemed abated, the right of election would seem to be with the representatives of the deceased plaintiff.

The present case, it is true, arises upon the death of the defendant.  But if, under section 121, the representatives of the defendant have the right to require a continuation of the suit on the defendant's death, the defendant would have the same right in case of the plaintiff's death.  The section covers both cases, if it does either; and the provision for declaring the suit abated would seem not only unnecessary but incongruous.

My conclusion on this branch of the case is, that section 121 was not intended to change the former practice, which confined the right of continuing the action to the complainant or his representatives, unless the defendant had acquired some rights in the litigation.  If the provisions of the Code are not inconsistent with the former rules of practice in this respect, those rules are still in force.  (Code, § 469.)

But under the well established practice of the Court of Chancery, independently of any statutory provisions, if there had been a decree or decretal order in the suit from which the defendant could derive any advantage, it could be revived at

the instance of a defendant or of his representatives, in case the complainant or his representatives neglected to revive it. (9 Paige, 395.) This was done on the ground that the defendant had obtained an interest in the further prosecution of the suit. In *Williams* v. *Cooke* (10 Ves., 407), Sir WILLIAM GRANT says : " The good sense is, that in every case where a defendant can derive a benefit from the further proceeding, he may revive unless there is a general rule against it." No such rule was found to exist, and the bill of revivor in that case, which was filed by the representatives of a deceased defendant, was sustained. See, also, Story Eq. Pleading (§§ 372, 373.) The cases in which a revivor, by the defendant, was permitted in chancery, were, it is true, where there had been some interlocutory decree as for an account, etc. In the present case there had been no decree, but a counter-claim had been interposed and an issue joined upon it and referred to a referee for trial. The defendant had become an actor in the proceeding. The same reason which authorizes a revivor in the case of a decree for an account, applies to such a case. Lord Chancellor ERSKINE states the reason to be that : " Under a decree directing a mutual account, the defendant becomes an actor, and the balance may be in his favor ; he has, therefore, an undoubted interest in the prosecution of that suit, and that it may be carried forward." (*Horwood v. Schneider*, 12 Ves., 316.) That is precisely the position of the defendant in this case. The provision of the Code which allows him to interpose this counter-claim, and the order of the court referring all the issues, embracing the counter-claim, to a referee for trial, give him, in substance, the same interest in the prosecution of the suit which he would have after a decree directing a mutual account from which a balance might result in his favor. To put an end to the suit is not his only right or object. (12 Ves., 316.) To deny to the court the power of directing an action to be continued on the application of the defendant or his representatives, where a counter-claim has been interposed, might be productive of serious injustice. A new action, founded on the subject-matter of the

counter-claim, might be barred by the statute of limitations. If the power to direct the continuation of the action does not exist, no relief could be afforded in such a case. If the power does exist, the circumstances which will justify its exercise rest in the legal discretion of the court. After an issue joined upon a counter-claim, and its reference to a referee, I think the defendant has acquired such an interest in prosecuting the action as entitles him or his representatives to have it continued. The question whether this relief can be obtained on motion, is not free from difficulty. We have already expressed the opinion that section 121 does not, in terms, authorize such a motion on the part of the defendant. Under the Revised Statutes, proceedings to continue an action at law, by or against the representatives of a party dying during its progress, were by *scire facias* (2 R. S., 576, § 2), and in equity, except in special cases mentioned in the statute, by bill of revivor. By section 468 of the Code, the writ of *scire facias* is abolished, and the relief which could be obtained by that writ must be sought by a civil action. There is no express authority in the Code or in the former practice for making such an order as this on motion. But under section 121 the action has not abated, and is still in court. No revivor is necessary, and this is a mere question of bringing in parties. I think that in analogy to the provisions of sections 121 and 122, which allow parties to be brought in on motion, where formerly a supplemental bill, or a bill of revivor, would have been necessary, the relief required in this case, though not specially provided for, may be obtained in the same manner, and that the court below was therefore authorized to grant the order. See *Pruen* v. *Sunn*, 5 Russ., 3.

The order should be affirmed, with costs.

All concur.

Order affirmed.