24  33
54  478

## DORSHEIMER *vs.* RORBACK and others.

1. A final decree may be amended, even after enrollment, by the addition of a clause necessary to effect the remedy of the complainant under it, and which was inadvertently omitted in drawing it.

2. A material amendment, which is of course, will be made without a rehearing.

---

On petition. Motion to amend final decree.

*Mr. Pitney* and *Mr. Coult*, for the motion.

*Mr. T. N. McCarter*, contra.

Dorsheimer v. Rorback.

THE CHANCELLOR.

The bill was filed by the complainant (who was an idiot) by guardian, as one of the next of kin of John Rorback, deceased, late of Newton, in the county of Sussex, to recover a distributive share of his estate.

The share was $6701.30, and with interest amounted, at the date of the decree, to $13,335.60. The defence was, that the share had been paid by the administrators of John Rorback, deceased, to John Rorback, who claimed under an assignment from an alleged guardian of the complainant. The Chancellor decreed in favor of the complainant, both against John Rorback, who had received the money, and the representatives of Samuel Rorback and John H. Nelden, both of whom were dead, who were the administrators of John Rorback, deceased. The decree makes John Rorback primarily liable, and the representatives of the deceased administrators, secondarily liable. The decree has been enrolled. It has not been appealed from.

Application is now made by petition, to amend the decree in respect to certain clerical errors, and by the insertion of the following clause: "It is further adjudged, decreed, and declared, that the said Samuel Rorback and John H. Nelden, in their lifetime, were liable to pay to said complainant the said sum of $6701.80, as and for her distributive share of the estate of said John Rorback, deceased, and that the payment of said sum of money, by said Samuel Rorback and John H. Nelden, to the defendant, John Rorback, as assignee of said complainant, as set forth by the defendants in their answer in this cause, was not a payment thereof to the complainant, and did not discharge the said Samuel Rorback and John H. Nelden in the premises;" inadvertently omitted in drawing the decree. The defendants' counsel resists this application, mainly, however, as to the proposed addition, which he insists is a material amendment of the decree that can only be made on a re-hearing.

The proposed addition is a mere declaration of the dis-

allowance of the payment to John Rorback, and the liability of the administrators of John Rorback, deceased, in their lifetime, to the complainant, for the distributive share, on which liability the decree against the representatives of those administrators is founded. It is considered important, in obtaining the relief intended to be extended to the complainant by the decree, that it should contain the declaration in question.

The power of amending the record of judgments has long been exercised by the courts of common law. They do not hesitate to amend the *postea* by the judge's notes, and to amend the record of the judgment, accordingly. In *Doe* v. *Perkins*, 3 *T. R.* 749, the court said: "The practice of amending by the judge's notes, which was of infinite utility to the suitors, was as ancient as the time of Charles the First, and the amendment might be made at any time." In that case, after a writ of error brought on a judgment of the King's Bench, in the Exchequer chamber, and after joinder in error there, Lord Loughborough, who tried the cause, amended the *postea* by his notes, and Mr. Justice Buller ordered the judgment roll to be amended by the amended *postea*. So, also, in *Mellish* v. *Richardson*, 7 *B. & C.* 819, such amendments were made in the Common Pleas, after writ of error brought and argued in the Court of Errors, and the Common Pleas amended their judgment by the amended *postea*, after the judgment had been reversed by the Court of King's Bench.

The motion in this case, is to amend the decree so as to conform to the decision of the court, as evidenced by the Chancellor's opinion on file in this court. It seems obvious that the opinion, which is the very finding itself, with the reasons for it, and directions more or less particular as to the frame of the decree, is quite as safe a means of amendment as a judge's notes.

It is urged that by the well settled practice of this court no material amendment will be made in an enrolled decree without a rehearing; that the amendments which the court will make in such cases without rehearing, are

confined to clerical errors and miscasting. The practice, however, does not appear so limited in this country, or even in England and Ireland. The court will not, indeed, vary an enrolled decree in a material point, on petition, without rehearing; but in a proper case it will not refuse to amend such a decree. Nor will the fact that the amendment is a material one, prevent the court from making it. The exercise of the power depends rather on the questions, whether the amendment is necessary or proper to express or effectuate the intention of the court in its decree, and whether the addition or omission asked for is one which the court would have made, of course, when the decree was signed. In *Eyles* v. *Ward*, 1 *Dick.* 58, liberty was given to amend the enrollment of a decree, though the amendment was said to be material. See, also, *Yow* v. *Townsend*, 1 *Dick.* 59.

In *Shine* v. *Gough*, 2 *Ball & Beatty* 33, the application was to set off the costs in equity against the costs at law, the defendant having brought an ejectment, and the suit in equity having been instituted to quiet the plaintiff in his possession. The decree omitted to set off the costs. The Lord Chancellor, Manners, said : " The only difficulty I have in this case is, whether I must not rehear the cause, in order to set off this demand. As between the present parties, it was most clearly an omission in the decree, in not providing for the costs in the manner now sought, and such as would have been cured, upon motion, before the decree was enrolled." He adds : " Strictly speaking, the relief should be given on a rehearing, and if it were a matter requiring to be debated, consideration from the court, and materially affecting the decree, it could not be decreed on motion. Having no difficulty in the case, I must grant the motion, and not put the plaintiff to the delay and expense of a rehearing."

In *Spearing* v. *Lynn*, 2 *Vern.* 376, leave appears to have been given by the master of the rolls, afterwards confirmed by the lord keeper, to amend an order (which seems to have been enrolled) after an action brought against a surety for non-performance of it. So, too, in *Lowten* v. *Corporation of*

*Colchester*, 2 *Meriv.* 395 ; *Bennett* v. *Button*, 1 *Dick.* 135 ; *S. C.*, 2 *Meriv.* 400, *in note.*

In *Davis* v. *Morris*, 13 *Price* 766, an application was made by motion, and allowed, to rectify a decree on a suggestion, made in aid of the decree, which would have been embodied in it almost as of course, as if it had been an omission.

In *Gardner* v. *Dering*, 2 *Edw. Ch.* 133, it is said that the court may add to a decree, by declaring what are the rights of the parties as ascertained under the first order or decree, and thus carry out and effectuate the object of the suit.

In *Clark* v. *Hall*, 7 *Paige* 384, the court says : " A decree cannot be varied in substance, on petition, without a rehearing. But it may be corrected or amended, on motion or petition, as to mere clerical errors, or by the insertion of any provision or direction which would have been inserted as matter of course, if asked for at the hearing as a necessary and proper clause to carry into effect the decision of the court."

In *Sprague* v. *Jones & Graham*, 9 *Paige* 395, an action (suit for foreclosure) was instituted on a mortgage made by Jones to secure the joint and several bond of both defendants. A decree was taken for the sale of the mortgaged premises, and against Jones, the mortgagor, for the deficiency which should exist after the sale. Upon application, without suggestion of misprision of the clerk, the decree was amended by the Vice-Chancellor, so as to be against both defendants for the deficiency. Upon appeal, the Chancellor said : " I have hesitated whether it could be proper, without a rehearing, to amend the decree in a matter of substance so material to the rights of the appellant; and upon examination of the cases, I am satisfied such an amendment would not have been permitted in the Courts of Chancery of England and Ireland, without discharging the enrollment and granting a formal rehearing of the cause. This court, however, has not been so strict in relation to the amendment of a decree in a matter as to which there could not have been a doubt of the complainant's right to have it made part of the decree, if it had been

asked for, and where the neglect to ask the court to have it inserted in the decree as part thereof, arose from mere inadvertence." He concluded that the amendment was one which might be made by the court without a formal rehearing of the case.

In the case before me, leave is asked to add a clause which is deemed necessary to carry the decree into effect; to effectuate the remedy of the complainant under it. It is proposed explicitly to declare the liability of the administrators of John Rorback, deceased, in their lifetime, and the disallowance of the payment made by them to John Rorback, under his alleged assignment. It cannot be doubted that, had the present application been made after the enrollment, to the late Chancellor, by whom the decree was signed, the addition would have been unhesitatingly allowed. In his opinion, he says : "The claim against the administrators of John Rorback, deceased, and their representatives, is sustained. They must be decreed to pay the whole amount of the distributive share, with interest."

This conclusion results from his express and explicit disallowance of the payment made by the administrators to John Rorback. Had the cause been argued *coram meipso*, I would make the amendment as of course. I think I ought to do so, under the circumstances. No good reason appears to me for putting the parties to the delay and expense of a rehearing. Justice to the court, no less than to the parties, demands that the decree be made to conform to the obvious intention of the court. Given, the power to vacate the enrollment and amend the decree, the rest is but a matter of practice.

The power of amendment is to be carefully, cautiously, and judiciously used, but it is not to be withheld when the ends of justice require its exercise. As has been well said, "the object in every litigation is to obtain from some court a final determination of the rights of the parties. That determination is invariably what the judges direct, and not invariably what the clerks record. The power of the court to make the record express the judgment of the court with the

utmost accuracy, ought not to be restricted." *Freeman on Judgments* 48.

The addition sought in this case is, in my view, one of those things which, if applied for on the hearing, would have been granted as a matter of course, as necessary or proper to carry into effect the decision of the court, and is quite within the practice. The other alterations are undeniably mere corrections of misprisions.

The amendments are allowed.