JARMON and others *vs.* WISWALL and others.

1. A final decree may be amended after enrollment, in a material point, where the amendment is in a matter as to which there could not have been a doubt of the complainant's right to have it made part of the decree, if

Jarmon *v.* Wiswall.

it had been asked for when the decree was entered, and the omission to insert it in the decree, as part thereof, arose from inadvertence. But such amendment must be made on petition and notice.

2. An order made in a foreclosure suit after the sale of the mortgaged premises under the execution issued on the decree, requiring a defendant, (against whom no decree to such effect was taken, though the complainant was entitled to such decree,) to pay the deficiency, and awarding execution against him in case of his failure to do so, vacated, for want of notice of the application therefor.

The bill in this case was for foreclosure and sale of mortgaged premises. It prayed a decree against John Hoey for deficiency. Notice was given to him, according to the 38th rule of this court, at the time of serving the subpœna to answer. No decree was taken against him, however. After the sale of the mortgaged premises, under the execution issued on the decree, the complainant filed his petition, setting forth these facts, and praying that an order might be made in the cause, requiring Mr. Hoey to pay the existing deficiency, and awarding execution against him in case of his failure to do so.

The order was granted on application, without notice, and motion is now made to vacate it.

*Mr. John G. Vose*, of New York, for the motion.

*Mr. G. P. Kingsley*, contra.

THE CHANCELLOR.

It is insisted that it has been the practice of the court to grant such orders as that under consideration, on *ex parte* application, without notice. If such has been the practice, I am not willing to follow it so far as the amendment of decrees after enrollment is concerned. The application, in this case, was, in fact, for a material amendment of the final decree after enrollment. Such amendment may be made, on the ground that it is an amendment in a matter as to which there could not have been a doubt of the complainant's right to have it made part of the decree, if it had been asked for when the decree was entered, and the omission to insert it in

the decree, as part thereof, arose from inadvertence. *Dorsheimer* v. *Rorback, ante p.* 33 ; *Sprague* v. *Jones,* 9 *Paige* 395. But it must be made on petition and notice.

The order will be vacated.