By the Court.—Speir, J.
Although the defendant Lomelino, by his .answer, claims that he never made any contract with the plaintiffs, and is not accountable to them, and is improperly joined as defendant, it clearly appears that he claims a lien on the property in dispute, and sets up a counter-claim to the plaintiffs’ claim. If Lomelino was appointed supercargo by the *521 defendant Cockcroft upon terms entitling him to share in the profits and losses, with the knowledge of the plaintiffs, then he should account; then the referee has properly decided that the plaintiffs are entitled to an account with each of the defendants. There is no evidence in the case showing he was not interested as a partner. This being so, it is difficult to see how a ■final determination of the action can be had without bringing the representatives of Lomelino before the court. It is still more difficult to see how in the present stage of the action it is possible to proceed against the defendant as surviving defendant alone, and properly adjust the conflicting interests of these several parties.
It is not the case of a joint contract, where, if one of the parties die, his executor or administrator is at law discharged, and the survivor alone can be sued, but it is a proceeding in equity, where Lomelino has an interest in the property, holding by adverse claim, and being in possession. The executors of the deceased party are liable, and his personal representatives, as well as survivors, must be made parties to a suit in equity (Story's Equity Pleadings, § 169). The plaintiffs have made both Cockcroft and Lomelino parties defendant, and call upon them for an account, and an interlocutory order has been made that the plaintiffs are entitled to an account against both.
The important question before me is, how can this relief be obtained ? Whether it can be obtained on motion is not free from difficulty. The learned judge in the opinion delivered by him in Livermore v. Bainbridge (49 N. Y. 125), has come to the conclusion, after an able and elaborate examination, that the Code does not in terms authorize such a motion on the part of the defendant. He proceeds to show that the former practice in the court of chancery permitted it to be done on motion when the defendant had *522 acquired some rights in the litigation, and that, under section 469 of the Oode, former rules and practices not inconsistent with these provisions of the Code were still in force, and that it was allowable under those former rules. It was the well-established practice in the court of chancery, independent of any statutory provisions, if there had been any decretal order in the suit from which the defendant could derive any advantage where he had obtained an interest in the prosecution of the suit, where a counter-claim had been interposed, and an issue joined on it for trial, it could be revived at the instance of a defendant or his representatives, in case the plaintiff or his representatives neglected to revive it (Story's Equity Pleadings, §§ 372, 373 ; Souillard v. Dias, 9 Paige, 395). The Lord Chancellor, in Harwood v. Schmedes (12 Vesey, 316), says : ‘6 One of the cases in which a defendant may revive is confined to matter of account, and where the defendant has an interest in the further prosecution of the suit.”
It is plain, if the court has not the power to direct an action to be continued on the application of the defendant or his representatives, where a counter-claim has been interposed, it might be productive of great injustice ; an action founded on the subject-matter of the counter-claim might be barred by the statute of limitations. Under section 121 of 2 R. S.. marginal page 185, the action has not abated, but is still in court; no revivor is necessary, and it is a mere question of bringing in parties. How, sections 121 and 122 R. S. allow parties to be brought in on motion, when formerly a supplemental bill or a bill of revivor would have been necessary. The learned judge in Livermore v. Bainbridge (supra) forcibly observes : “If the power to direct the continuation of the action does not exist, no relief can be afforded in such a case. If the power does exist, the circumstances which will justify its exercise rest in the legal discretion of the court.”
*523 The defendant Lomelino has interposed his counter claim, an issue has been joined upon it, and an interlocutory order has been made that both defendants account with the plaintiff. I think the defendant Lomelino’s representatives, as well as the surviving defendant, have acquired such an interest in persecuting the action as entitles both to have it prosecuted.
It follows by analogy to the provisions of the above sections 121 and 122 that the relief required in this case, though not specially provided for, may be obtained in the same manner. I think the order appealed from must be reversed, with costs.
Sanford, J., concurred.