IN THE MATTER OF THE COLUMBIAN INSURANCE COMPANY.

(ACCOUNTING OF GEORGE A. OSGOOD, RECEIVER.)

*Receivers of insolvent corporations — accounting by them — may be revived and continued against their executors — Code of Civil Procedure, secs. 414, 452.*

Where, during the pendency of proceedings for an accounting instituted by the receivers of an insolvent insurance company, one of the receivers dies, the court has power to make an order reviving and continuing the accounting against his executors and directing them to come into such accounting and stand by such orders and decrees as may be made therein.
*Matter of Foster* (7 Hun, 129) followed.

APPEAL from an order directing that the proceedings in relation to the accounting of George A. Osgood, as receiver, be revived and continued against his personal representatives, and that they come in and be made parties to the present accounting.

*John M. Bowers,* for executors of George A. Osgood, appellants.

*John McDonald,* for petitioning creditors, respondents.

BRADY, J. :

The Columbian Insurance Company appears to have been adjudged insolvent in February, 1866, and Joseph Morrison and Benajah Liffingwell were appointed receivers. Morrison having resigned George A. Osgood was appointed in his place by order of April 11, 1866. Subsequently Liffingwell died and Cyrus Curtis was appointed in his place by order of July 21, 1866.

Immediately after Liffingwell's death it appears that his personal representatives applied for and had an accounting. Subsequently and in January, 1866, Messrs. Osgood and Curtis accounted, in pursuance of an order of this court on a reference, and the report of the referee was confirmed.

It further appears that in 1874 there was another accounting instituted on the petition of these receivers which was referred to Charles A. Peabody, Esq. Pending this reference Mr. Curtis died and John P. Paulison was appointed receiver in his place, and the

executors of Curtis were brought into the accounting by order duly made upon their consent.

Pending this proceeding Mr. Osgood died leaving a will which was duly probated and in which he named as his executors the present appellants, William H. Osgood and Eliza V. Osgood, both of whom were duly qualified. Thereupon and in due time a petition emanating from the proper source was presented at Special Term asking for an order reviving and continuing the accounting against such executors, and directing them to come into such accounting and to stand by such orders and decrees as might be made therein. The application was granted and from the order thus made this appeal was taken. The learned justice in the court below based his decision upon the *Matter of Foster* (7 Hun, 129), *Livermore* v. *Bainbridge* (49 N. Y., 130) and sections 414 and 452 of the Code of Civil Procedure.

The power of the court to make this order is elaborately discussed in the briefs of both the appellants and the respondents, but the adjudication first mentioned, namely, the *Matter of Foster*, is regarded as decisive of the power and authority of the court to make the order and the propriety of directing it as well. There is no difference in principle between the two cases. *In the Matter of Foster*, Mr. Hoguet was one of the trustees to carry out the provisions of the will of James Foster, Jr., and while acting as such trustee he presented his petition to be relieved from the trust, and such proceedings were had that the prayer of his petition was granted. It was held that the order then made was conclusive upon persons made parties to the proceeding unless subsequently opened or vacated by the court, or set aside for some alleged fraud by direct action for that purpose. Subsequently, on application by the *cestui que trust*, the order was opened and an accounting ordered. Pending the accounting Mr. Hoguet died and an application was made for an order reviving and continuing the proceedings against his personal representatives. It was contended in that case that the order to revive the abated proceeding could not be supported, and in the dissenting opinion which was delivered it was argued that the laws affecting and controlling the revival of proceedings related to actions only and not to special proceedings, but this view did not prevail. The principle applied to that matter must con-

trol in this therefore. The power of the court over the proceeding cannot be questioned, nor can the power of the court over one of its officers be the subject of debate.

The receiver is an officer of the court and is a *quasi* trustee whose duty it is to garner up the estate to which his appointment relates and hold it for such distribution as the court may direct. It is therefore in *custodia legis*.

The same authority may be exercised over him as over a trustee, and indeed the jurisdiction of the court over him is less restricted than over the trustee, whose duties and obligations may be limited by the power which created it. There can be no question that the proceeding could not be continued without the presence of the executors of the receiver, and it must be supposed also that they are in possession of such information as may be necessary to enable them properly to protect the interests of the testator, while doing justice to the creditors of the company of which their testator was appointed receiver. It must be said also that if any doubt existed as to the power of the court to make the order appealed from, section 452 of the Code of Civil Procedure is sufficiently broad in its provisions to confer the authority. It declares that the court may determine the controversy as between the parties before it, and that where a complete determination of such controversy cannot be had without the presence of other parties, the court must direct them to be brought in. The word used in this section is not " action," but " controversy," and it necessarily embraces such a proceeding as this. The coming in of the executors of Mr. Osgood was absolutely necessary to determine the controversy, and as the proceeding was pending, it seemed to be unnecessary circumlocution to require the petitioners to commence *de novo*, and in another form, according to some of the earlier cases, which intimate that the revival can be accomplished only by an action for that purpose. It is unnecessary, however, to extend this discussion, because the *Matter of Foster* is regarded as one in which the discussion covered the point involved in this appeal, and as adverse in its results to the appellant's success.

The order appealed from must therefore be affirmed, but without costs.

DANIELS, J.:

The conclusion for the affirmance of the order is well sustained by the legal necessities of the case, as well as by precedent authority. The appeal therefore is groundless; and the costs and disbursements of the respondent should follow the affirmance of the order.

DAVIS, P. J.:

I concur that the order should be affirmed. There seems to me to be no good reasons which should excuse the appellant from the usual costs of the appeal. I concur with my Brother DANIELS that the affirmance should be with costs and disbursements.

Order affirmed, with ten dollars costs and disbursements.