HENRY R. PIERSON, as RECEIVER OF THE WIDOWS AND ORPHANS' BENEFIT LIFE INSURANCE COMPANY, APPELLANT, v. ANDREW W. MORGAN, RESPONDENT.

*Right to revive an action — Code of Civil Procedure, sec. 757 — the motion may be made by the personal representatives of a deceased defendant.*

The privilege of having an action brought by a sole plaintiff against a sole defendant revived after the death of either, conferred by section 757 of the Code of Civil Procedure, is not confined to the plaintiff, and the motion therefor may be made by the personal representatives of the deceased defendant.

*Livermore* v. *Bainbridge* (49 N. Y., 125) explained and followed.

APPEAL from an order directing the plaintiff to cause the action to be revived, or in default thereof that the administratrix of the deceased defendant be substituted and simultaneously the action be dismissed, with costs and allowance.

*Raphael J. Moses, Jr.,* for the appellant.

*P. Harwood Vernon,* for the respondent.

PER CURIAM:

The case of *Livermore* v. *Bainbridge* (49 N. Y., 125) is an express authority that under section 121 of the Code of Procedure the personal representatives of a deceased defendant could not have an action revived, unless the deceased defendant had acquired some right by some interlocutory judgment therein or had become an actor in the proceedings by the presentation of a counter-claim, and this conclusion was based upon the wording of this section, which permitted the revivor, within one year, to be upon motion, or afterwards upon supplemental complaint. It was deemed by the court that the reference to a revivor by supplemental complaint assumed that the plaintiff or his representative is the moving party referred to.

In the Code of Civil Procedure, however, these words are omitted from section 757 as such section now stands, and they were probably omitted because of the construction which had been placed upon them in connection with this matter of revivor, as there would seem to be no good reason why the representatives of a deceased defendant should not have the privilege of having an action revived so

that it might proceed to judgment instead of that right being vested wholly in a plaintiff.

We think that, in view of the present language of the Code, the case cited is an authority in favor of the order appealed from, and such a construction seems to be evidently in accordance with the language of the section. The provision as to allowance does not seem to have been an improper exercise of discretion. The plaintiff may continue the litigation if he so desires, and if not he should be required to pay the usual terms as a condition of being permitted to retire.

The order appealed from should be affirmed, with ten dollars costs and disbursements.

Present VAN BRUNT, P. J., BRADY and DANIELS, J. J.

Order affirmed, with ten dollars costs and disbursements.