JAMES BATHGATE, AS ADMINISTRATOR, *et al. against* JOHN B. HASKIN *et al.*

The statute of limitations commences to run against an attorney's claim for services as soon as he has performed the immediate service for which he is retained.

An attorney was employed in 1852 to defend an action, which shortly thereafter was abandoned by both sides, and nothing was done in it until 1862, when, without any instructions from his client, he caused the suit to be dismissed for want of prosecution. *Held*, that the attorney's claim for compensation accrued when the suit was abandoned in 1852, and that the statute of limitations began to run against it from that time.

In computing the amount due on a bond and mortgage, the accrued interest cannot be added to the principal due at the time of a payment not equal to the interest, and the whole balance remaining after deducting such payment used as the principal on which to compute the future interest.

APPEAL by defendants from a judgment of foreclosure and sale, entered on the decision of a judge of this court after a trial at special term.

The action was brought to foreclose a mortgage on real estate made by the defendant John B. Haskin, to secure payment of a bond for $2,500, made by Haskin and Wm. H. Wilkins, and on which a balance was alleged to be due.

The defense was that this balance had been paid partly in money and partly in legal services rendered to the plaintiffs by the defendant Haskin, under an agreement that the amount due Haskin for such services should be so credited.

On the trial the facts appeared as stated in the opinion, and the court refused to allow any of the defenses or offsets contained in the answer.

The plaintiffs had judgment of foreclosure and sale, and the defendants appealed.

*Abel Crook*, for appellants.

*Van Voorhis & Stephens*, for respondents.

J. F. DALY, J.—I. The defendant's claim of a credit of $305, as a payment on account of the bond and mortgage, is supported by the testimony of defendant Haskin alone, to which is opposed the unequivocal denial of the plaintiff Charles Bathgate. The defense of payment being an affirmative one, the burden was on defendant to prove it, and there being no preponderance of proof in his favor, the judge was right in disallowing that sum as a credit.

II. The defendant's claim for professional services in respect of the Westchester lands was properly disallowed, such services having been rendered prior to the year 1853, and the claim having accrued more than thirteen years prior to the commencement of this action.

III. For the same reason the defendant's claims for legal services in the litigations were properly disallowed. The statute of limitations commences to run against an attorney's claim for services from the time he could have commenced an action upon it (*Adams* v. *Fort Plain Bank*, 23 How. Pr. R. 62; s. c. 36 N. Y. 255, 264). The services here were rendered prior to 1853, the last service being the argument of the motion to change the place of trial of the suit commenced by the New York and New Haven R. R. Co. against the Bathgates. Mr. Haskin then advised Mr. Bathgate that he had better drop the suit, as it would cost him more to litigate that case with that company in years than the money he would get. Mr. Bathgate thought well of the advice, and never heard any more of it. This was about the time the motion to change the venue was going on, and when Bathgate wished to commence an action against the company, and the conversation related as well to the suit pending as to the suit proposed. After that Mr. Bathgate heard no more of the action. But ten years afterwards, in the year 1862, Mr. Haskin, without consulting his clients, and without any further authority, made a motion to dismiss the action for want of prosecution. He claims continuing authority in the original retainer, and urges that the service rendered in making that motion takes the claim out of the statute. But if he had no authority to make it, it did not. The consent of the client to " drop " the litigation, upon the

suggestion of the attorney, in view of the expense of further litigation, expressly negatives any assumption of continuing authority to move in the matter. For what professional services he had rendered up to that time the attorney could have sued, for he had the right to immediate compensation, and his client could not urge that any further services remained to be performed in his behalf. After that conversation it required further authority from the client to involve him in further expense in the action. No subsequent authority is pretended. It is urged by defendant that the expression " dropping " the suit could not apply to that in which the railroad company was plaintiff and the Bathgates defendants, because defendants cannot abandon an action brought against them. It is shown by the proof that it did apply to that action, and its meaning was plainly this, that the defendants would take no further steps in it, if the plaintiffs did nothing. What authority was there, then, for the attorney of defendants ten years afterwards to bring the cause before the court, even on a motion to dismiss for want of prosecution? Such a step was, in fact, in contravention of the clients' instructions, implied in their consent to drop it on the attorney's suggestion. But let us suppose that, just before making the motion to dismiss in 1862, Mr. Haskin had commenced suit for these services rendered ten years before? There would then have been nothing to take them out of the statute. The making the motion afterwards could not revive them.

IV. There is no ground for the claim that the accounts of defendant Haskin for these legal services were to run against his debt to the plaintiffs on the bond and mortgage. There is no proof whatever that the services were rendered on account of that debt. Payments of interest on the bond were made during the rendition of those services, and long after. There was no arrangement to offset the claims, or to credit the services on the mortgage debt. Even if the conversation in folios 145 and 146 amounted to that, it took place eight or nine years after the services were rendered and the claim for them accrued, and was insufficient to take them out of the statute.

V. The claim by defendant of a credit of $175, as of Feb-

ruary 24th, 1860, appears to have been allowed by the court as of July 25th, 1860.

VI. The amount found due to plaintiffs by the court, at special term, is $4,565 69. This has been reduced by stipulation, pursuant to an order of the court, at special term, made on a motion for a new trial, to $4,232 55.

A still further reduction must be made, owing to error in computing the interest, the balance of interest to September 25th, 1865, having been taken to augment the principal on which interest was afterwards calculated. This is contrary to the authorities (7 Barb. 452; 9 Paige, 461; 3 Cow. 86; 6 Johns. Ch. 313). If plaintiff stipulate to allow the amount of the error, $266 76, the judgment will be affirmed, and the amount due plaintiffs at date of decree, found at $3,965 79. If the stipulation be not made, the judgment will have to be reversed for that error.

DALY, Ch. J., and LOEW, J., concurred.

Ordered accordingly.