(63 Misc. Rep. 322.)

### LEDERER v. GOLDSTON et al.

(Supreme Court, Appellate Term. May 12, 1909.)

1. ATTORNEY AND CLIENT (§ 75*)—CHANGE OF ATTORNEYS.

While a client may change his attorney at any time, this right can only be exercised on payment to the attorney of the amount due him for services.

[Ed. Note.—For other cases, see Attorney and Client, Cent. Dig. § 114; Dec. Dig. § 75.*]

2. ATTORNEY AND CLIENT (§ 75*)—SUBSTITUTION—PAYMENT FOR SERVICES.

Where, on motion by a party to substitute attorneys, the amount due the original attorneys is disputed, or the existence of their lien is controverted, the court may determine these issues in a summary manner, but cannot ignore such issues and without the consent of the parties, or sufficient cause shown, direct the substitution of another attorney on condition that a bond be given the former attorneys to secure their claims for services.

[Ed. Note.—For other cases, see Attorney and Client, Cent. Dig. § 114; Dec. Dig. § 75.*]

Appeal from City Court of New York, Special Term.

Action by Hugo L. Lederer against Al. Goldston and others. From an order substituting Gustav R. Hamburger as plaintiff's attorney, on plaintiff's motion, Gluck, Alden & Grey, plaintiff's original attorneys, appeal. Reversed, and motion denied.

Argued before GILDERSLEEVE, P. J., and SEABURY and LEHMAN, JJ.

Gluck, Alden & Grey, pro se.

Gustav R. Hamburger, pro se.

PER CURIAM. This is an appeal from an order, entered upon motion of the plaintiff, substituting Gustav R. Hamburger, Esq., in the place and stead of Messrs. Gluck, Alden & Grey, attorneys of record for the plaintiff. This motion was granted upon condition that this plaintiff "give a good and sufficient undertaking in the sum of $250 as security for any claims his attorneys of record herein may have against him."

A client has the right to change his attorney at any time, with or without cause; but this right can only be exercised upon payment to the attorney of the amount due him. The lien of an attorney is now securely protected by statute, and cannot be defeated because the client arbitrarily desires to change his attorney, unless the client discharges the lien by paying to the attorney the amount which he owes him.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

If the amount due the former attorneys was agreed upon, the plaintiff could substitute another attorney in their place only upon paying to them the amount due. If the amount due was the subject of dispute, or if the question of the existence of the attorney's lien was controverted, the court had ample power to determine these issues in a summary manner. The court could not, however, ignore these issues, and without the consent of the parties, or sufficient cause being shown, direct the substitution of another attorney upon condition that a bond be given to the former attorneys to secure their claims for services rendered.

The order appealed from is reversed, with $10 costs and disbursements, and the motion is denied, with $10 costs, and with leave to the plaintiff to move in the court below to have the amount due his former attorneys ascertained and determined.