HENRY RUBIN, Respondent, *v.* ABRAHAM BERNSTEIN, ABRAHAM RUBINSON and PAUL ROBINSON, Also Known as PAUL RUBINSON, Appellants.

Supreme Court, Appellate Term, Second Department, November 2, 1928.

*Samuel Goldberg*, for the appellants.

*Jacob A. Visel*, for the respondent.

MacCrate, J. The defendants in this action have moved to dismiss the complaint, on the ground that the court has not jurisdiction of the subject thereof.

Plaintiff, an attorney, has sued in the City Court, county of Queens, to foreclose his lien on a judgment recovered against two of the defendants, in an action brought by the other defendant, plaintiff's client. The complaint alleges an agreement with the client, whereby plaintiff was to receive one-third of any settlement before or of any judgment after trial, together with all interest, costs and disbursements. In addition, the complaint alleges the services rendered, the recovery of the judgment, the issuance of execution and the return thereof unsatisfied, and a settlement between the defendants collusively and without plaintiff's knowledge. It is sought to sustain the action on the ground that it is an action to foreclose a lien on personal property, jurisdiction of which is given by the Constitution (Art. VI, § 15) and by the New York City Court Act (§ 16, subd. 3). By both the Constitution and the act it is provided that the City Court shall have jurisdiction in actions for the foreclosure of mechanics' liens and liens on personal property where the amount sought to be recovered does not exceed the sum of $3,000 and interest. Plaintiff contends that the expression " liens on personal property " is broad enough to cover an attorney's lien on a judgment, because a judgment is personal property, within the definition given by section 39 of the General Construction Law (Laws of 1909, chap. 27). But the General Construction Law is not applicable where the object, subject-matter and general context of a statute make clear what is intended by the language employed. (*Matter of Bronson*, 150 N. Y. 1, 5.) It will be observed that power to foreclose liens on personal property is joined with power to foreclose mechanics' liens. No provision is made by the New York City Court Act for the procedure for the foreclosure of such liens, save as it may be inferred from section 65 thereof, requiring conformity to the practice in the

Supreme Court. The Code of Civil Procedure (by §§ 1737–1741) made provision for an " Action to foreclose a lien upon a chattel." Those sections were repealed and are now in the Lien Law (§§ 206–210). Article 9, under which these sections are found, is headed, " Enforcement of Liens on Personal Property." But when sections 206–210 are examined, it is apparent they have reference to liens on chattels and goods only. Section 206 of the Lien Law specifically limits the action to be brought thereunder to one " to foreclose a lien upon a chattel." Moreover, prior to the adoption of the constitutional amendment and section 16, subdivision 3, of the City Court Act, section 315 of the Code of Civil Procedure provided that the City Court should have jurisdiction to foreclose or enforce a lien upon one or more " chattels." Nothing in the constitutional amendment suggests that it was intended thereby to grant greater equitable jurisdiction to the City Court of New York than it possessed prior thereto. Indeed, even as to actions transferred from the County Courts, such as foreclosure of mortgages on real property, the court is vested with equity powers solely to complete the litigation or with reference to the judgment therein.

We, therefore, conclude that neither the Constitution nor the New York City Court Act confers jurisdiction to enforce the liens of attorneys, which have always been considered to be peculiar and equitable in nature. (*Fischer-Hansen* v. *Brooklyn Heights R. R. Co.*, 173 N. Y. 492, 502; *Maier* v. *Maze Realty Co.*, 189 App. Div. 339; *Matter of Salant*, 158 id. 697.)

The order of the City Court denying the motion to dismiss the complaint should be reversed, with ten dollars costs and taxable disbursements to appellant, and the motion granted, with ten dollars costs.

CROPSEY and LEWIS, JJ., concur.