HARRY SELEZNOW and Another, Plaintiffs, *v.* JACOB SHUB and Others, Defendants.

City Court of New York, Kings County, March 24, 1930.

*A. H. Waisman,* for the plaintiffs.

*Peter J. Haberkorn,* for the defendant Jacob Shub.

GEISMAR, J. This is a motion by plaintiff's attorney, Peter G. Haberkorn, appearing in *pro. per.* for this purpose, for an order (1) fixing the amount of compensation due to said Mr. Haberkorn

for his services rendered to the plaintiff in this action to date; (2) providing further that Mr. Haberkorn retain all his client's papers to preserve his lien, and (3) directing that Mr. Haberkorn may withdraw from the action, and by such order does terminate his relationship as attorney for the plaintiff. The reason assigned is that the plaintiff has breached his contract to pay the retainer stipulated.

The court regards this motion with great sympathy. Undoubtedly, if a way could be found to grant such applications, it would be of great help to the bar. *First*, it would tend to prevent much future litigation and misunderstandings, especially in the case of these contracts which are of a peculiarly fiduciary character; and, *secondly*, the enlarged field of supervision thus exercised by the courts over the relationships of attorney and client would doubtless tend to a greater feeling of security on the part of the bar and an increased confidence and respect on the part of the public. The presentations of justiciable questions for decision so as to prevent future litigation, hitherto discussed by the courts as the raising of " academic questions," brings to our attention a subject capable of great expansion to which but little consideration has so far been given. The reason is obvious. However, a beginning has been made in the legislation permitting declaratory judgments (Civ. Prac. Act, § 473; Rules Civ. Prac. rules 210 to 213), and in such seriously considered proposals that the Governor of the State may apply to the Court of Appeals for an opinion on the constitutionality of any legislative enactment. But the authority over actions for declaratory judgments is vested solely in the Supreme Court. This motion can be addressed to this court only under the summary powers exercised by the courts over the acts and to prescribe the conduct of attorneys as officers thereof. I find nothing and am referred to no decision which authorizes this court to act summarily merely for the purpose of preventative justice.

The compensation of an attorney is governed by agreement expressed or implied which is not restrained by law except in the causes to which infants are a party appearing by guardian. (Jud. Law, § 474, as amd. by Laws of 1912, chap. 229.) The client may discharge the attorney at will providing his compensation in a proper case for services rendered is paid or provided for, but the attorney may terminate the relationship only for good and sufficient cause and upon reasonable notice. (*Matter of Dunn*, 205 N. Y. 398, modifying 140 App. Div. 944; S. C., Ann. Cas. 1913E, 536; *Tenney* v. *Berger*, 93 N. Y. 524; *Bathgate* v. *Haskin*, 59 id. 533, modifying 5 Daly, 361; *Spalding* v. *Rosa*, 71 N. Y. 40; *Lederer* v. *Goldston*, 63 Misc. 322; *Friedman* v. *Mindlin*, 91 id. 473.) Ordi-

narily, the recovery of an attorney's fee must be by action as in case of any other contract.

Summary proceedings initiated by motion, such as this, are only permitted as exceptions to this rule, for reasons of sound public policy in order to allay controversies between attorney and client which threaten the actual course of litigation in its public or quasi-public aspects. For these reasons, the criminal courts must exercise a power, wide in its latitude, over the appearance, withdrawal or substitution of attorneys in criminal causes. Likewise, if the withdrawal of an attorney in the midst of litigation or in the progress of a trial serves improperly to impede, delay or obstruct justice, the court may of its own motion proceed summarily against him as for a contempt. (*Hotel Astor* v. *Gross*, 133 Misc. 704.) If such facts are not present, neither side may proceed summarily but both are relegated to the usual form of action. (*Sargent* v. *McLeod*, 209 N. Y. 360.)

Briefly, these applications for summary relief, which are determined on affidavit evidence, examination of witnesses before the court or a reference, can be resorted to only to quiet collateral controversies impeding the progress of the main stream of the litigation. This is not the situation here. The plaintiff has received due notice to retain another attorney, to which he has paid no attention. This conduct may even hint an abandonment of the litigation, which might have large consequence in reducing the amount of the attorney's lien. (*Friedman* v. *Mindlin*, *supra*.) Hence, there is neither possibility nor necessity for fixing such lien at the present.

It follows that the attorney must bring an action and, if he wishes his right or legal relations to be declared, he probably will have to avail himself of any claim he may be able to present to the Supreme Court for a declaratory judgment. The motion must be denied. Order signed.