DANIEL E. FINN, as Sheriff of the County of New York, State of New York, and WILLIAM GERARD, Respondents, *v.* THE CHASE NATIONAL BANK OF THE CITY OF NEW YORK, Defendant, and FIRST NATIONAL BANK OF CHICAGO, Appellant.

Supreme Court, Appellate Term, First Department, February 28, 1941.

*Mudge, Stern, Williams & Tucker* [*George L. Trumbull* and *Stuart H. Steinbrink* of counsel], for the appellant.

*Gustave B. Garfield*, for the respondents.

PER CURIAM.   Section 15 of article VI of the New York Constitution and subdivision 3 of section 16 of the New York City Court Act, conferring jurisdiction in actions not exceeding $3,000 for the foreclosure of mechanics' liens and liens on personal property, have reference to liens on chattels and goods only, and did not grant and were not intended to grant greater equitable jurisdiction to the City Court of New York than it possessed prior thereto.   (*Rubin* v. *Bernstein*, 133 Misc. 95.)   Personal service of a summons of the City Court of New York in Illinois, requiring the defendant to appear and answer in New York in six days, is invalid as not reasonable and adequate notice, and, therefore, violative of the due process clause of the Fourteenth Amendment of the United States Constitution.   (*Roller* v. *Holly*, 176 U. S. 398.)   The action of Gerard v.

American Pictures Incorporated was for damages for breach of contract, and the attachment of property of the defendant was a provisional remedy in that action. In this, a second action against First National Bank, plaintiffs seek the aid of equity and challenge the transfer of the property allegedly attached within the compass of a single suit. (*American Surety Co.* v. *Conner*, 251 N. Y. 1, 8.) The second action is wholly different from that originally brought and could not be commenced thereafter by reservice of a copy of the same attachment issued in the first action. Since a money judgment and equitable relief are sought against First National Bank, a foreign corporation, the action as to it must be commenced by attachment and order for publication of the summons. Under section 51 of the City Court Act service of summons outside the State may not be made without order, and provisions making section 235 of the Civil Practice Act applicable do not change that requirement. (*Weil, Inc.,* v. *Popper*, 143 Misc. 684.) The decision of *Pennington* v. *Fourth National Bank* (243 U. S. 269) is not applicable. In view of the foregoing it is unnecessary to pass upon the claim that section 51 is otherwise unconstitutional.

Order reversed, with ten dollars costs and disbursements, and motion granted.

All concur. Present — McCook, Hammer and McLaughlin, JJ.