PAVONE TEXTILE CORPORATION, Plaintiff, *v.* FRED SOUFFRONT, JR., Defendant.

City Court of the City of New York, Special Term, New York County, May 29, 1947.

*Julius D. Freilicher* for defendant appearing specially.

*Jacob M. Zinaman* for plaintiff.

COLEMAN, J. Without an order of the court permitting such service, the plaintiff served the defendant in Puerto Rico with a summons and complaint which called upon the latter to appear and answer within six days from the date of service. The service was made after property of the defendant in this State had been levied upon under a warrant of attachment. The defendant, a resident of Puerto Rico, does not urge that such service without an order is invalid (cf. *Weil, Inc.,* v. *Popper,* 143 Misc. 684, affd. 236 App. Div. 775; *Finn* v. *Chase National Bank,* 176 Misc. 127); he does argue that six days' notice is so short that it is no notice at all and appearing specially he moves on that ground to vacate the warrant of attachment and the service of the summons. His motion should be granted. There is no provision of the New York City Court Act specifically governing the matter, and perhaps the Civil Practice Act supplies none (cf. *Weil, Inc.,* v. *Popper,* 143 Misc. 684, affd. 236 App. Div. 775, *supra; Finn* v. *Chase National Bank,* 176 Misc. 127, *supra;* N. Y. City Ct. Act, § 51; L. 1926, ch. 539; Civ. Prac. Act, § 235). But other provisions indicate that the time allowed the defendant is too short. The limit of time of six days fixed for a defendant served within the city can hardly suffice for a defendant served thousands of miles away, air age or no air age (the *Finn* case, *supra*). And by subdivision 2 of section 49 of the City Court Act where service outside the State is effected pursuant to order permitting it, the defendant has ten days within which to appear and the summons must specifically state that fact.

No less a period should be allowed him if service is effected without order.

But, the plaintiff says, section 235 of the Civil Practice Act comes to his aid. "Service without the state without an order is complete ten days after proof thereof is filed", thereby in fact giving a defendant a minimum of sixteen days within which to appear. Assuming again that this section is applicable to actions in this court, the answer is that the defendant in Puerto Rico cannot be presumed to know it. His appearance within the extended period would have been timely but he knew only that he was called upon to appear within six days; and this, as I have said, was too short.

The service of the summons is set aside and more than thirty days having elapsed from the granting of the warrant of attachment without any proper service having been effected, the warrant falls. (Civ. Prac. Act, §§ 825, 905.)