1963 FLATBUSH AVENUE RESTAURANT, INC., Plaintiff, *v.* SUS-CO RESTAURANT CORP. et al., Defendants.

City Court of the City of New York, Special Term, Kings County, October 8, 1948.

*Harry Meisnere,* former attorney for plaintiff.

*Robert W. Cauldwell,* present attorney for plaintiff.

BENJAMIN, J. This is a motion for an order fixing the lien of the former attorney for the plaintiff herein and affixing such lien to the judgment procured by said attorney.

The moving party was formerly attorney for the plaintiff herein and represented it in various matters which were ultimately climaxed by a judgment in this court. Subsequent to the entry of this judgment, the moving party was substituted by another attorney under a stipulation in which he reserved whatever rights he had under his attorney's lien. He now requests the court to fix the lien and to declare it to be a charging lien against the said judgment.

The application is resisted upon the ground that this court has no equity jurisdiction and that the remedy, if any, is by summary proceeding in the Supreme Court. With this position this court is not in agreement. *Rubin* v. *Bernstein* (133 Misc. 95), cited in opposition to this motion, was an action for the foreclosure of an attorney's lien and not an application to determine the lien. The decision of Mr. Justice GEISMAR of this court in *Seleznow* v. *Shub* (136 Misc. 365), which was not cited by either party, is relevant. In that case, Mr. Justice GEISMAR ruled that there was no summary jurisdiction inherent in this court to fix a lien. This decision was predicated upon a construction of section 474 of the Judiciary Law prior to the enactment of section 475 of that law, as presently constituted.

The judicial history of this legislation would indicate that the Legislature intended to give broader scope to the power of summary determination of attorney's liens than that originally contemplated by the Judiciary Law.

The remedies involved, furthermore, are merely procedural in nature, the Legislature having provided a manner in which a controversy between an attorney and client with respect to legal

fees should be decided. The court is at present concerned not with the question of enforcing a lien but rather in determining the amount of the lien. Such a proceeding is in personam and concerned merely with issues of law, to wit, the amount of money due to the attorney by the client. This in no manner violates the constitutional and statutory inhibitions limiting the equity jurisdiction of this court.

The motion herein is, therefore, granted to the extent of referring the matter to the Official Referee to hear and report as to the nature and extent of the attorney's services and the value thereof. Determination of this motion will be held in abeyance pending application to confirm the report of the Official Referee.